**JENNIFER L. COON**
California State Bar No. 203913
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
E-Mail: jennifer_coon@fd.org

Attorneys for Mr. Jose Ambriz-Saucedo

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE BARRY T. MOSKOWITZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 08CR0132-BTM |
| Plaintiff, ) | DATE: February 15, 2008 |
| ) | TIME: 1:30 p.m. |
| v. ) | |
| ) | STATEMENT OF FACTS AND |
| **JOSE AMBRIZ-SAUCEDO,** ) | MEMORANDUM OF POINTS AND |
| ) | AUTHORITIES IN SUPPORT OF MOTIONS |
| Defendant. ) | |

**I.**

**BACKGROUND**

Mr. Ambriz-Saucedo was arrested on November 6, 2007. On November 7, 2007, the government filed a complaint alleging that Mr. Ambriz-Saucedo was found in the United States after deportation in violation of 8 U.S.C. § 1326.

On December 6, 2007, Mr. Ambriz-Saucedo waived indictment and was charged by way of information with three counts of illegal entry in violation of 8 U.S.C. § 1325. However, plea negotiations subsequently failed, and the government filed a superseding indictment in the instant case.

As counsel informed the Court on January 25, 2008, the parties have reached a verbal agreement as to a disposition of 24 months in this matter, but the government has not yet prepared a plea agreement. In addition, the government has not yet turned over deportation-related documents as ordered by the Court on January 25. Accordingly, these motions follow.

## II.

## **MOTION TO COMPEL DISCOVERY**

Mr. Ambriz-Saucedo moves for the production of the following discovery. This request includes discovery of which the government attorney knows, and discovery of which the government attorney may become aware through the exercise of due diligence. See FED. R. CRIM. P. 16. It also includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

Mr. Ambriz-Saucedo has received only 60 pages of discovery and a DVD in this case. To date, however, the government has produced no evidence of Mr. Ambriz-Saucedo's alleged prior deportation(s), and no evidence (other than a rap sheet) of any prior convictions that might enhance his sentence under § 1326. Mr. Ambriz-Saucedo also specifically requests copies of the **audiotapes of his removal hearing(s)** as well as **all documents memorializing any removal proceedings** and any other proceedings that the government intends to rely upon at trial.

He has also not received a **full copy of his A-file**. Mr. Ambriz-Saucedo thus requests the opportunity to examine his A-file in its entirety.        First, the A-file will have documentation concerning prior deportation(s). Part of Mr. Ambriz-Saucedo's defense in this case may be that his underlying deportation was invalid. The documents in the A-file would help illuminate the validity or futility of such a defense. For example, A-file documents typically contain biographical information. Such information is essential to determining whether Mr. Ambriz-Saucedo's deportation is invalid.

Second, the government will likely try to show, at trial, that a government officer searched the A-file and did not find an application by Mr. Ambriz-Saucedo for permission to enter the United States. Mr. Ambriz-Saucedo anticipates that the government will attempt to admit a "Certificate of Non-Existence" against him, arguing that if Mr. Ambriz-Saucedo had ever applied for permission to enter the United States, such an application would be found in the A-file, and because such an application is not in the A-file, Mr. Ambriz-Saucedo must not have applied for permission to enter the united States. Should such a certificate be admitted, the question of how thorough the search of the A-file was is and should be open to cross-examination. United States v. Sager, 227 F.3d 1138, 1145 (2000) (error not to allow jury to "grade the investigation."). Mr. Ambriz-Saucedo should be able to search his A-file to see whether any application for

lawful admission exists. Moreover, Mr. Ambriz-Saucedo should also be able to verify whether other documents that would ordinarily be in the A-file are "non-existent," or otherwise missing from his A-file. Mr. Ambriz-Saucedo may assert a defense that his application for lawful entry was lost or otherwise misplaced by the government. He must be allowed the opportunity to review his A-file and the manner in which it is being maintained by the government in order to present this defense.

In addition, Mr. Ambriz-Saucedo moves for the production of the following discovery:

1. **The Defendant's Statements**. The government must disclose to Mr. Ambriz-Saucedo <u>all</u> copies of any written or recorded statements made by Mr. Ambriz-Saucedo; the substance of any statements made by Mr. Ambriz-Saucedo that the government intends to offer in evidence at trial; any response by Mr. Ambriz-Saucedo to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of Mr. Ambriz-Saucedo's oral statements contained in the handwritten notes of the government agent; any response to any <u>Miranda</u> warnings that may have been given to Mr. Ambriz-Saucedo; as well as any other statements attributed to Mr. Ambriz-Saucedo. FED. R. CRIM. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government must reveal <u>all</u> Mr. Ambriz-Saucedo's statements, whether oral or written, regardless of whether the government intends to make use of those statements. **Mr. Ambriz-Saucedo specifically requests all audio and videotaped copies of his statements and any rough notes taken pertaining to the substance of his statements.**

2. **Arrest Reports, Notes and Tapes**. Mr. Ambriz-Saucedo also specifically requests that the government turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning, in their entirety. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Ambriz-Saucedo or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). <u>See also</u> <u>Loux v. United States</u>, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Ambriz-Saucedo are available under Fed. R. Crim. P. 16(a)(1)(A) and (B), 26.2, and 12(I). Preservation of rough notes is requested, whether or not the government deems them discoverable.

1  3. **Brady Material**. Mr. Ambriz-Saucedo requests all documents, statements, agents' reports, and tangible evidence favorable to him on the issue of guilt and/or that affects the credibility of the government's witnesses or the government's case. Impeachment and exculpatory evidence both fall within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

4. **Any Information That May Result in a Lower Sentence**. Notwithstanding the advisory nature of the Sentencing Guidelines, the government must produce this information under Brady, 373 U.S. 83, because it is exculpatory and/or mitigating evidence relevant to a possible future determination with respect to sentencing.

5. **The Defendant's Prior Record**. Evidence of a prior record is available under Federal Rule of Criminal Procedure 16(a)(1)(D). Mr. Ambriz-Saucedo specifically requests a complete copy of any criminal record.

6. **Any Proposed 404(b) Evidence**. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Sufficient notice requires the government to "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); see also United States v. Brooke, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming Mehrmanesh and reversing convictions).

This request includes any "TECS" records as well as any other records(s) of prior border crossings (voluntary entries) that the Government intends to introduce at trial, whether in its case-in-chief, as impeachment, or in its rebuttal case. Although there is nothing intrinsically improper about prior border crossings, (except, as here, where there are allegations of undocumented status), they are nonetheless subject to Rule 404(b), as they are "other acts" evidence that the government must produce before trial. United States v. Vega, 188 F.3d 1150, 1154-55 (9th Cir. 1999).

Mr. Ambriz-Saucedo requests that such notice be given *three weeks before trial* to give the defense time to adequately investigate and prepare for trial.

1   7.   **Evidence Seized**.  Mr. Ambriz-Saucedo requests production of evidence seized as a result of any search, either warrantless or with a warrant.  Fed. R. Crim. P. 16(a)(1)(E).

8.   **Request for Preservation of Evidence**.  Mr. Ambriz-Saucedo specifically requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and that relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, the results of any fingerprint analysis, Mr. Ambriz-Saucedo's personal effects, and any evidence seized from Mr. Ambriz-Saucedo.  This request also includes any material or percipient witnesses who might be deported or otherwise likely to become unavailable (*e.g.*, undocumented aliens and transients).

It is requested that the prosecutor be ordered to *question* all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

9.   **Henthorn Material**.  Mr. Ambriz-Saucedo requests that the Assistant United States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved in the present case for impeachment material.  See Kyles v. Whitley, 514 U.S. 419, 437-38 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).  This request includes, but is not limited to, any complaints filed (by a member of the public, by another agent, or any other person) against the agent, whether or not the investigating authority has taken any action, as well as any matter for which a disciplinary review was undertaken, whether or not any disciplinary action was ultimately recommended.  Mr. Ambriz-Saucedo further requests production of any such information at least *one week* prior to the motion hearing and *two weeks* prior to trial.  If the prosecutor is uncertain whether certain information should be disclosed pursuant to this request, this information should be produced to the Court in advance of the motion hearing and the trial for an *in camera* inspection.

10.   **Tangible Objects**.  Mr. Ambriz-Saucedo requests the opportunity to inspect, copy, and test, as necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, that are material to the defense, intended for use

in the government's case-in-chief, or were obtained from or belong to Mr. Ambriz-Saucedo. FED. R. CRIM. P. 16(a)(1)(E). Specifically, Mr. Ambriz-Saucedo requests copies of the audiotapes of his alleged prior deportations or removals.

11. **Expert Witnesses**. Mr. Ambriz-Saucedo requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. FED. R. CRIM. P. 16(a)(1)(G). This summary should include a description of the witness' opinion(s), as well as the basis and the reasons for the opinion(s). See United States v. Duvall, 272 F.3d 825 (7th Cir. 2001) (finding that government's written expert notice did not adequately summarize or describe police detective's testimony in drug prosecution where notice provided only a list of the general subject matters to be covered and failed to identify what opinion the expert would offer on those subjects). This request includes, but is not limited to, disclosure of the qualifications of any government witness who will testify that he understands and/or speaks Spanish or any other foreign language that may have been used during the course of an interview with Mr. Ambriz-Saucedo or any other witness.

Mr. Ambriz-Saucedo requests the notice of expert testimony be provided at a minimum of *three weeks prior to trial* so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions, credentials of the government's expert and obtain a hearing in advance of trial to determine the admissibility of qualifications of any expert. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such determination may require "special briefing or other proceedings")

12. **Impeachment Evidence**. Mr. Ambriz-Saucedo requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to Mr. Heron-Salinas. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under Brady, 373 U.S. 83. See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

13. **Evidence of Criminal Investigation of Any Government Witness**. Mr. Ambriz-Saucedo

requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir. 1985).

14. **Evidence of Bias or Motive to Lie**. Mr. Ambriz-Saucedo requests any evidence that any prospective government witness is biased or prejudiced against Mr. Ambriz-Saucedo, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); Strifler, 851 F.2d 1197.

15. **Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity**. Mr. Ambriz-Saucedo requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. Strifler, 851 F.2d 1197; Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).

16. **Witness Addresses**. Mr. Ambriz-Saucedo requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). Mr. Ambriz-Saucedo also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will *not* be called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

17. **Names of Witnesses Favorable to the Defendant**. Mr. Ambriz-Saucedo requests the name of any witness who made any arguably favorable statement concerning Mr. Ambriz-Saucedo or who could not identify him or who was unsure of his identity or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis, 637 F.2d at 223; Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

18. **Statements Relevant to the Defense**. Mr. Ambriz-Saucedo requests disclosure of any statements that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982). **This includes grand jury transcripts that may be relevant to the defense motion to dismiss the indictment.**

19. **Jencks Act Material**. Mr. Ambriz-Saucedo requests production in advance of the motion hearing or trial of all material, including dispatch tapes, that the government must produce pursuant to the

Jencks Act, 18 U.S.C. § 3500 and Federal Rule of Criminal Procedure 26.2. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963); see also United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) (holding that interview notes constitute Jencks material when an agent reviews notes with the subject of the interview); see also United States v. Riley, 189 F.3d 802, 806-08 (9th Cir. 1999). Advance production will avoid the possibility of delay of the motion hearing or trial to allow Mr. Ambriz-Saucedo to investigate the Jencks material. Mr. Ambriz-Saucedo requests pre-trial disclosure of such statements to avoid unnecessary recesses and delays and to allow defense counsel to prepare for, and use properly, any Jencks statements during cross-examination.

20. **Giglio Information**. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), Mr. Ambriz-Saucedo requests all statements and/or promises, expressed or implied, made to any witnesses, in exchange for their testimony in this case, and all other information that could arguably be used for the impeachment of any government witnesses.

21. **Agreements Between the Government and Witnesses**. Mr. Ambriz-Saucedo requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any immigration benefits, any contemplated prosecution, or any possible plea bargain, even if no bargain was made or the advice not followed. This request specifically includes any discussion with a potential witness regarding that witness' immigration status and/or any affect that the witness' statements or lack thereof might have on that status, including the granting or revoking of such immigration status or any other immigration status, including but not limited to citizenship, nationality, a green card, border crossing card, parole letter, or permission to remain in the United States.

22. **Informants and Cooperating Witnesses**. Mr. Ambriz-Saucedo requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Ambriz-Saucedo. The government must disclose the informant's identity and

location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957). The government must disclose any information derived from informants that exculpates or tends to exculpate Mr. Ambriz-Saucedo.

23. **Bias by Informants or Cooperating Witnesses**. Mr. Ambriz-Saucedo requests disclosure of any information indicating bias on the part of any informant or cooperating witness. <u>Giglio</u>, 405 U.S. 150. Such information would include what, if any, inducement, favors, payments, or threats were made to witness to secure cooperation with the authorities.

24. **Personnel Records of Government Officers Involved in the Arrest**. Mr. Ambriz-Saucedo requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of Mr. Ambriz-Saucedo. <u>See</u> <u>Pitchess v. Superior Court</u>, 11 Cal.3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

25. **Reports of Scientific Tests or Examinations**. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), Mr. Heron-Salinas requests the reports of all tests and examinations conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

26. **Residual Request**. Mr. Ambriz-Saucedo intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Federal Rule of Criminal Procedure 16.

Mr. Ambriz-Saucedo requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial.

### III.

### MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

Defense counsel requests leave to file further motions and notices of defense based upon information gained in the discovery process. To date, counsel has received just 60 pages of discovery from the

1 | government in this matter as well as one DVD of interrogation of Mr. Ambriz-Saucedo. Counsel has not yet
2 | received Mr. Ambriz-Saucedo's A-file or copies of the audiotapes of his removal hearing(s). Defense counsel
3 | may file, among other motions, motions to suppress any statements by Mr. Ambriz-Saucedo, to dismiss due
4 | to an invalid deportation, and attacking the indictment, upon receipt and completion of review of such
5 | outstanding discovery materials.

## IV.
## CONCLUSION

For the foregoing reasons, Mr. Ambriz-Saucedo respectfully requests that the Court grant the above motions.

Respectfully submitted,

DATED: February 1, 2008            /s/ *Jennifer L. Coon*
                                   **JENNIFER L. COON**
                                   Federal Defenders of San Diego, Inc.
                                   Attorneys for Mr. Ambriz-Saucedo

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy Court

Assigned Assistant U.S. Attorney via ECF

Dated: February 1, 2008

        */s/ Jennifer L. Coon*
JENNIFER L. COON
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467  (tel)
(619) 687-2666  (fax)
e-mail: Jennifer_Coon@fd.org